IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

HOLLY McGEE,

    PLAINTIFF,

v.                                                                     CIVIL ACTION NO.

T.J. MAXX, INC.,

    DEFENDANT.                                              JURY TRIAL DEMANDED

## COMPLAINT

**I.    JURISDICTION**

    1.    This action for injunctive relief and damages is brought pursuant to 28 U.S.C. §§ 1331, 1343(4), 1367, 2201, 2202 and 29 U.S.C. § 621. This is a suit authorized and instituted pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 621, 626(d)(1), *et seq.* (ADEA). The jurisdiction of this Court is invoked to secure protection for and to redress the deprivation of rights and Defendant's violation of the acts and for injunctive relief and damages.

    2.    Plaintiff timely filed her charge of discrimination with the Equal Employment Opportunity Commission (EEOC) within 180 days of the last discriminatory act (Exhibit A). Plaintiff further filed this lawsuit within ninety (90) days after receipt of the right-to-sue letter issued by the EEOC (Exhibit B).

## II. PARTIES

3. Plaintiff, Holly McGee, (hereinafter "Plaintiff") is a resident of Cottondale, Tuscaloosa County, Alabama, and performed work for the Defendant in the counties composing the Northern District of Alabama during the events of this case. Thus, pursuant to 28 U.S.C. § 1391(b), venue for this action lies in the Northern District, Southern Division.

4. Defendant, T.J. MAXX, INC., (hereinafter "Defendant") is a company registered and doing business in the State of Alabama and has sufficient minimum contacts with the State of Alabama that it is subject to service of process in Alabama. Defendant is an entity subject to suit under 28 U.S.C. § 1331 and 29 U.S.C. § 621(a)(2), and 29 U.S.C. § 201, *et seq.* Defendant employs at least twenty (20) persons. Therefore, this Court has personal jurisdiction over Defendant.

## III. STATEMENT OF FACTS

5. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1-4 above.

6. Plaintiff began work with Defendant on or about July 3, 2006.

7. Defendant last employed Plaintiff as an Assistant Merchandising Manager.

8. During the course of her employment, Defendant promoted Plaintiff to the position of Store Manager at an older store located in Tuscaloosa, Alabama.

9. In the winter of 2016, Defendant assigned Plaintiff the task of helping to close down the old store in order to open a new one.

10. During the transition from the old store to the new store, Plaintiff worked with a project manager, who was a visiting store manager assigned the responsibility of helping open the store for the grand opening of the new store.

11. During the transition from the old store to the new store, Plaintiff also worked with a project manager in training, Stephanie (LNU) (30s).

12. Plaintiff, the visiting store manager, and Stephanie (LNU) opened the new store around the first of March.

13. Plaintiff ran the new store in the position of Store Manager; however, Plaintiff's new District Manager, Daniel (LNU) (30s) confronted her and told her, "I don't think you can run the store."

14. Daniel (LNU) also stated, "I'm really worried about you. Here are your options: you can take another thirty days to see if you can do it or lose your job or you can step down and I will try and find you a job as an Assistant in my district or perhaps Darlene Riley can in her district."

15. During the course of the work that went into opening the store, Stephanie was constantly making negative comments to the project manager about Plaintiff and undermining Plaintiff's relationship with the store's staff.

16. The Project Manager reported the derogatory comments to Daniel

(LNU).

17. Because Defendant's actions made it obvious that it intended to terminate Plaintiff's employment at the end of thirty days, Plaintiff involuntarily chose to take the demotion.

18. Defendant replaced Plaintiff by making Stephanie (LNU) the Store Manager.

19. Plaintiff was made Assistant Merchandising Manager at the Hoover, Alabama location under Kevin Scott (approximately late 30's to early 40's).

20. Scott supervised Plaintiff as an Assistant Manager much more strictly than he did the other assistant managers, constantly looking for something that Plaintiff was doing wrong.

21. At all times as Store Manager in Tuscaloosa, as well as Assistant Merchandising Manager in Hoover, Plaintiff performed her job duties in a competent or better manner.

22. Despite this performance, in August 2016, Scott made a comment to Plaintiff that she was not a "shining star," and "not leaving a big enough footprint."

23. Scott gave Plaintiff little to no specific information or feedback about what he was talking about in regards to this subjective opinion.

24. Scott did not exercise his subjective opinion to the same degree in regard to Kebi Lightfoot, a young assistant manager who was treated more favorably

by Scott in the performance of her job duties.

25. At the end of July 2016, Scott confronted Plaintiff and asked her how she was doing.

26. Plaintiff told him that she thought she was doing a good job and had improved a great deal.

27. Scott told Plaintiff that he agreed that she had improved and then he said he didn't think she had improved enough and that she needed to start looking for another job.

28. Approximately a week after Scott made the above comments, he called Plaintiff into the office and asked her if she was looking for another job.

29. Upon information and belief, Scott replaced Plaintiff with somebody substantially younger.

30. Plaintiff was the oldest store manager under Daniel (LNU)'s supervision

31. Plaintiff was the oldest assistant manager under Scott (LNU)'s supervision.

## IV. COUNT ONE – Age Discrimination (ADEA) – Demotion

32. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1-31 above.

33. Defendant hired Plaintiff on or about July 3, 2006.

34.   Defendant demoted Plaintiff on or about March 2016.

35.   At the time Defendant demoted Plaintiff's employment, she was 60 years of age.

36.   In the winter of 2016, Defendant assigned Plaintiff the task of helping to close down the old store in order to open a new one.

37.   During this transition from the old store to the new store, Plaintiff worked with a project manager, who was a visiting store manager assigned the responsibility of helping open the store for the grand opening of the new store.

38.   During this transition from the old store to the new store, Plaintiff also worked with a project manager in training, Stephanie (LNU) (30s).

39.   Plaintiff, the visiting store manager, and Stephanie (LNU) opened the new store around the first of March.

40.   Plaintiff ran the new store in the position of Store Manager; however, Plaintiff's new District Manager, Daniel (LNU) (30s) confronted her and told her, "I don't think you can run the store."

41.   Daniel (LNU) also stated, "I'm really worried about you. Here are your options: you can take another thirty days to see if you can do it or lose your job or you can step down and I will try and find you a job as an Assistant in my district or perhaps Darlene Riley can in her district."

42.   During the course of the work that went into opening the store,

Stephanie was constantly making negative comments to the project manager about Plaintiff.

43. The Project Manager reported the derogatory comments to Daniel (LNU).

44. Because Defendant's actions made it obvious that it intended to terminated Plaintiff's employment end of thirty days, Plaintiff involuntarily chose to take the demotion.

45. Defendant replaced Plaintiff by making Stephanie (LNU) the Store Manager.

46. Defendant's actions in demoting Plaintiff and placing Stephanie (LNU) a person under the age of 40, in the Store Manager position, was a violation of the ADEA.

47. Plaintiff was the oldest store manager under Daniel (LNU)'s supervision

48. As a result of Defendant's violation of ADEA, Plaintiff has been damaged, suffering loss of pay and benefits.

**V.   COUNT TWO – Age Discrimination (ADEA) – Termination**

49. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1-48 above.

50. Defendant hired Plaintiff on or about July 3, 2006.

51.   Defendant terminated Plaintiff on or about August 2016.

52.   At the time Defendant terminated Plaintiff's employment, she was 60 years of age and close to turning 61.

53.   After Defendant forced Plaintiff to take a voluntary demotion, Plaintiff was made Assistant Merchandising Manager at the Hoover, Alabama location under Kevin Scott (30s).

54.   Scott supervised Plaintiff as an Assistant Manager much more strictly than he did the other assistant managers, constantly looking for something that Plaintiff was doing wrong.

55.   At all times as Store Manager in Tuscaloosa, as well as Assistant Merchandising Manager in Hoover, Plaintiff performed her job duties in a competent or better manner.

56.   Despite this performance, in August 2016, Scott made a comment to Plaintiff that she was not a "shining star," and "not leaving a big enough footprint."

57.   Scott gave Plaintiff little to no specific information or feedback about what he was talking about in regards to this subjective opinion.

58.   Scott did not exercise his subjective opinion to the same degree in regard to Kebi Lightfoot, a young assistant manager who was treated more favorably by Scott in the performance of her job duties.

59.   At the end of July 2016, Scott confronted Plaintiff and asked her how

she was doing.

60. Plaintiff told him that she thought she was doing a good job and had improved a great deal.

61. Scott told Plaintiff that he agreed that she had improved and then he said he didn't think she had improved enough and that she needed to start looking for another job.

62. Approximately a week after Scott made the above comments, he called Plaintiff into the office and asked her if she was looking for another job.

63. Upon information and belief, Scott replaced Plaintiff with somebody substantially younger in the position of Assistant Merchandising Manager at the Hoover, Alabama location.

64. Plaintiff was the oldest assistant manager under Scott (LNU)'s supervision.

65. As a result of Defendant's violation of ADEA, Plaintiff has been damaged, suffering loss of pay and benefits.

## VI. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays for the following relief:

A. Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting in concert with the

Defendant and at the Defendant's request from continuing to violate the terms of the ADEA;

B. Enter an Order requiring the Defendant to make Plaintiff whole by awarding her reinstatement to the position he would have had, had he not been terminated;

C. Award her back pay, together with employment benefits, front pay, liquidated damages; special damages; nominal damages;

D. Attorneys' fees and costs;

E. Plaintiff requests that the Court award Plaintiff equitable relief pursuant to 28 U.S.C. § 2201 and 29 U.S.C. § 626 that the actions of Defendant are violative of the law; and,

F. Any different or additional relief as may be determined by the Court to which Plaintiff is entitled.

_____
ALLEN D. ARNOLD

_____
KIRA FONTENEAU

OF COUNSEL:

FONTENEAU & ARNOLD, LLC
2151 Highland Avenue South, Ste. 205
Birmingham, Alabama 35205
(205) 252-1550 – Office
(205) 502-4476 – Facsimile

### PLAINTIFF REQUESTS TRIAL BY STRUCK JURY

_____
OF COUNSEL

DEFENDANT'S ADDRESS:
T.J. Maxx, Inc.
c/o The Corporation Company
60 Commerce Street
Montgomery, AL 36103